**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

STATES RESOURCES CORP.,

      Plaintiff,

vs.                                                                                                           Civ. No. 06-0406 MV/LCS

MICHAEL T. APODACA, SS# XXX-XX-2341,
and NORA B. APODACA, husband and wife,
and DAN E. APODACA, as trustee for
IRREVOCABLE APODACA EDUCATION
TRUST M AND N, and DAN E. APODACA, in
his individual capacity,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand and Memorandum in Support Thereof, filed May 24, 2006, **[Doc. No. 4]**. Defendants did not file a response to Plaintiff's motion. Failure to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion. D.N.M.LR-Civ. 7.1(b).

On March 21, 2006, Plaintiff filed this action in state court asserting that Defendants had violated the New Mexico Uniform Fraudulent Transfer Act. Defendants timely removed the action pursuant to 28 U.S.C. § 1446(a), asserting that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 due to diversity of citizenship. When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court provided that no

defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)[1]; *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996).  It is undisputed, however, that one or more of the defendants is a New Mexico resident.  Consequently, Defendants' removal based on diversity of citizenship was improper.

Apparently recognizing their error, Defendants filed an Amended Notice of Removal asserting that removal is proper because Defendants intend to file counterclaims based on federal law.  The fact that Defendants may file counterclaims or defenses based on federal law provides no basis for federal jurisdiction over Plaintiff's Complaint.  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987);  *see also* 28 U.S.C. § 1441(a).  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. at 392.  This rule permits the plaintiff to be the "master of the claim" since "he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*.  Consequently, cases originally brought in state court may not be removed to federal court even if a federal defense is anticipated in the plaintiff's complaint, and "even if both parties concede that the federal defense is the only question truly at issue." *Id*. at 393.

---

[1]  28 U.S.C. § 1441 (b) provides:

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

None of the grounds cited by Defendants provides a valid basis to remove Plaintiff's case to federal court and the case will be remanded.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand and Memorandum in Support Thereof, filed May 24, 2006, **[Doc. No. 4]**, is **GRANTED**. This matter is hereby remanded to State of New Mexico, Eighth Judicial District. Due to the utter lack of grounds for Defendants' removal, Plaintiff is awarded $750.00 for fees and costs incurred as a result of Defendants' improvident removal pursuant to 28 U.S.C. § 1447(c). Such amount shall be paid to Plaintiff within thirty days of the date of this Order.

Dated this 16th day of June, 2006.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
　　Robert Erickson, Esq.

Attorney for Defendants:
　　Peter Everett, IV, Esq.